RECEIVED
IN MONROE, LA
AUG 2 2 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOE SMITH, JR. (No. 100816) | CIVIL ACTION NO. 06-1338 |
| VS. | SECTION P |
| WARDEN, LOUISIANA STATE PENITENTIARY | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Joe Smith, Jr., Louisiana prisoner number 100816, files yet another petition for *habeas corpus* (28 U.S.C. § 2254) attacking his 1985 murder conviction in the Sixth Judicial District Court. In this proceeding petitioner admits to having filed previous *habeas corpus* petitions. [doc. 1-1, paragraph 9] Petitioner has been repeatedly advised that he must first seek permission of the United States Fifth Circuit Court of Appeals before filing a second and successive *habeas* petition. [See *Joe Smith, Jr. v. Warden*, No. 3:01-cv-2129.] In fact, the Fifth Circuit has warned him that he may be subject to sanctions should he continue to file successive petitions. See *In Re: Smith*, No. 02-30190 (5th Cir. 4/10/02). Ordinarily, the undersigned recommends transfer of second and successive petitions to the Fifth Circuit Court of Appeals. However, under the circumstances, transfer would serve no useful purpose.

Therefore, for the foregoing reasons,

**IT IS RECOMMENDED THAT** the instant petition for writ of *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

1

by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 22 day of _____, 2006.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE